UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CHRISTOPHER GORZYNSKI,**

    **Plaintiff,**

                            **CASE NUMBER:** 5:22-cv-50 (GLS/ TWD)

**INTERSTATE GOURMET COFFEE
ROASTERS, INC. d/b/a BOSTON'S BEST
COFFEE ROASTERS, INC., a Foreign
Business Corporation**

    **Defendant,**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER GORZYNSKI (hereinafter "Plaintiff"), files this Complaint against Defendant, INTERSTATE GOURMET COFFEE ROASTERS, INC. d/b/a BOSTON'S BEST COFFEE ROASTERS, INC., ("INTERSTATE COFFEE") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that he is: (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

2. Plaintiff further complains that he is entitled to back wages from Defendant for overtime work for which he did not receive overtime premium pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5. The Court has supplemental jurisdiction over Plaintiff's NYLL claims because the claims arise from the same nucleus of facts as his FLSA claims.

6. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. Venue is proper in this Court, because Plaintiff resides in this District and the instant claims arose within this District.

## PARTIES

8. At all times material hereto, Plaintiff was a resident and citizen of Rochester, New York.

9. At all times material hereto, Plaintiff was a "delivery driver" and performed related activities for Defendant in New York.

10. At all times material hereto, Interstate Coffee, was and continues to be a company that manufactures and sells coffee products to residential and commercial customers.

11. At all times material hereto, Interstate Coffee, was and continues to be a Foreign Business Corporation, with its principle place of business located in South Easton, Massachusetts.

## COVERAGE

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the

meaning of FLSA.

13. At all times material hereto, Defendant was an "employer" within the meaning of FLSA.

14. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of FLSA.

15. At all times material hereto, Defendant was, and continues to be an enterprise "engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, Defendant was, and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendant is and was in excess of $500,000.00 per annum for all relevant time periods.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

19. At all times material hereto, Defendant had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce, and operating other tools and materials necessary for the work they performed, including coffee products, handheld computer devices, delivery vehicles, cell phones and coffee.

20. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because he routinely worked on instrumentalities of commerce through the course of his regular work with Defendant.

21. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

**STATEMENT OF FACTS**

22. Interstate Coffee is a company that manufactures and markets coffee products to residential and commercial customers.

23. Plaintiff was employed by Defendant as a non-exempt delivery driver at all times relevant hereto.

24. Plaintiff intermittently worked in this capacity from approximately March 2019 through March 2021.

25. Plaintiff's claim pertains to the period of time that he worked for Defendant from December 2020 through March 2021.

26. Throughout the time period in which Plaintiff was employed by Defendant as a delivery driver Plaintiff's primary duties included delivery of Defendant's products to its customers.

27. At all times material hereto, Plaintiff was compensated hourly, for all hours up to 40 each week.

28. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

29. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half the regular rate of pay for hours worked over forty (40) in a workweek.

30. Defendant has violated Title 29 U.S.C. §207 and the NYLL from at least December 2020 and continuing to date, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of his employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA and the NYLL.

## COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

31. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

32. From at least December 2020 and continuing until approximately March 2021, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

33. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

34. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

35. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

36. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

40. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law §§ 2 and 651.

41. Defendant willfully violated Plaintiff's rights by failing to pay proper compensation for all hours worked each workweek, as well as for overtime compensation at rates no less than one and one-half times the regular rate of pay for each house worked in excess of forty hours in a work week, in violation of the New York Labor Law and its regulation.

42. The Defendant's New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

43. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant any unpaid wages, overtime compensation, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to New York Labor Law § 663(1).

## COUNT III
### VIOLATION OF THE NEW YORK LABOR LAW
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendant failed to supply Plaintiff with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

46. Specifically, Defendant failed to provide an accurate number of hours worked by Plaintiff because Defendant failed to list the time Plaintiff worked or their regular rate of pay.

47. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

48. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, overtime compensation, penalties, due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C §

216 and NYLL;

e. An award of prejudgment and post judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: January 19, 2022.

Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
NY Bar No.: 3957115
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: AFrisch@forthepeople.com